**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADAPTIVE HEADLAMP TECHNOLOGIES, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>GENERAL MOTORS, LLC,<br><br>*Defendant.* | ) | C.A. No.<br><br>***JURY TRIAL DEMANDED*** |

**ORIGINAL COMPLAINT**

Plaintiff Adaptive Headlamp Technologies, Inc. ("AHT") files this complaint for infringement of U.S. Patent No. 7,241,034 ("the '034 patent") against defendant General Motors, LLC ("GM" or "Defendant"). Plaintiff seeks damages and other appropriate relief for DEFENDANT's infringement. Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff Adaptive Headlamp Technologies, Inc. is a Delaware corporation with a principal place of business at 600 Anton Blvd., Suite 1350, Costa Mesa, CA 92626.

2. Upon information and belief, General Motors, LLC is a limited liability company registered with the State of Delaware, having a principal place of business in Detroit, Michigan. DEFENDANT regularly conducts and transacts business in this jurisdiction, throughout the United States, and within the District of Delaware, either itself or through one or more subsidiaries, affiliates, business divisions, or business units. DEFENDANT can be served through its registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., alleging infringement of the ’034 patent. A copy of the patent is attached hereto as Exhibit A and is incorporated herein by reference in its entirety.

4. The Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over DEFENDANT because DEFENDANT has conducted business in this District and upon information and belief has infringed, contributed to infringement of, and/or actively induced others to infringe the ’034 patent in this District as alleged in this Complaint. Finally, DEFENDANT is a registered entity in this District as described in paragraph 2.

6. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

## PATENT-IN-SUIT

7. The ’034 patent, entitled “Automatic Directional Control System for Vehicle Headlights,” was duly and legally issued on July 10, 2007. See Exhibit A.

8. All right, title, and interest to this patent has been assigned to AHT, including the exclusive right to enforce the patent against infringers and to collect damages for all relevant times.

9. DEFENDANT has been familiar with the ’034 patent since at least March 8, 2010, when the patent was asserted against DEFENDANT in Civil Action No. 6:10-cv-00078-LED in the United States District Court for the Eastern District of Texas.

10. That matter was dismissed without prejudice shortly before the patent was placed into reexamination.

11. The ’034 patent emerged from reexamination with 37 issued claims, including two independent claims.

12. On or about May 22, 2014, after the patent emerged from reexamination, AHT sent to DEFENDANT another copy of the patent, including its reexamination certificate. DEFENDANT has thus been in possession of the re-examined ’034 patent since at least as early as that date.

**INFRINGING GOODS/SERVICES**

13. DEFENDANT has been and is now directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the ’034 patent in the State of Delaware, in this judicial district, and elsewhere in the United States. DEFENDANT’s infringements include, without limitation, making, using, offering for sale, or selling in the U.S., or importing into the U.S., at least DEFENDANT’s Cadillac CTS, Buick Enclave, and Buick LaCrosse models. These automobiles include – either standard or as part of a package or trim level – adaptive, self-leveling headlights whose positions automatically change due to, for example, changes in steering angle and/or pitch of the vehicle when certain minimum thresholds are met or exceeded. These headlight control systems fall within the scope of at least claim 7 of the reexamined ’034 patent.

14. Claim 7, as it appears in the Inter Partes Reexamination Certificate, provides:

> 7. An automatic directional control system for a vehicle headlight, comprising: two or more sensors that are each adapted to generate a signal that is representative of at least one of a plurality of sensed conditions of a vehicle such that two or more sensor signals are generated, said sensed conditions including at least a steering angle and a pitch of the vehicle;

a controller that is responsive to said two or more sensor signals for generating at least one output signal only when at least one of said two or more sensor signals changes by more than a predetermined minimum threshold amount to prevent at least one of two or more actuators from being operated continuously or unduly frequently in response to relatively small variations in at least one of the sensed conditions;

and said two or more actuators each being adapted to be connected to the headlight to effect movement thereof in accordance with said at least one output signal;

wherein said two or more sensors include a first sensor and a second sensor;

and wherein said first sensor is adapted to generate a signal that is representative of a condition including the steering angle of the vehicle and said second sensor is adapted to generate a signal that is representative of a condition including the pitch of the vehicle.

15. Despite its knowledge of the re-examined patent, DEFENDANT continues to make, use, offer for sale, and sell in the U.S., and/or import into the U.S., vehicles with headlight control systems that meet one or more claims of the ’034 patent.

**COUNT I**

**DEFENDANT’S INFRINGEMENT OF THE ’034 PATENT, UNDER 35 U.S.C. § 271**

16. AHT incorporates by reference the allegations of paragraphs 1–15.

17. The ’034 patent was duly and legally issued by the United States Patent and Trademark Office on July 10, 2007, after full and fair examination. A reexamination certificate issued on June 14, 2013.

18. Plaintiff is the assignee of all substantial rights in and to the ’034 patent and possesses all rights of recovery under the ’034 patent, including the right to enforce the patent, the right to prosecute this action, and the right to collect damages for all relevant periods.

19. DEFENDANT has directly infringed the ’034 patent by, at a minimum, by making, using, offering to sell, and selling within the United States, and/or by importing into the

United States, products and systems that practice the inventions of the ’034 patent, namely, vehicles that include automatic directional control systems for vehicle headlights.

20. DEFENDANT has contributorily infringed the ’034 patent and induced infringement of the ’034 patent, at least since the filing of this Complaint. For example, on information and belief, DEFENDANT sells vehicles with infringing headlight control systems to local, independently owned dealerships, such as Delaware Cadillac in Wilmington, Delaware, who then sell the vehicles to consumers. In connection therewith, DEFENDANT provides owner’s manuals and other literature promoting and explaining the operation of those infringing systems. The products and systems in question have no substantial non-infringing uses.

21. Upon information and belief, DEFENDANT was aware of the ’034 patent on or about March 8, 2010, in view of Civil Action No. 6:10-cv-00078 in the United States District Court for the Eastern District of Texas.

22. At a minimum, DEFENDANT was aware of the re-examined patent on or about May 22, 2014, when AHT sent GM a letter informing it of the patent.

23. Despite knowledge of the patent and its infringement, DEFENDANT continued (and continues) to manufacture, make, import, offer for sale, and sell goods that violate the patent.

24. On information and belief, and as evidenced by communications between Plaintiff and DEFENDANT and/or between Plaintiff and the non-party original equipment manufacturer (OEM), DEFENDANT does not have a viable non-infringement or invalidity position. Therefore, DEFENDANT is aware that the accused vehicles with adaptive headlight control systems infringe the ’034 patent and/or DEFENDANT has recklessly disregarded the risk of infringement.

25. DEFENDANT has caused and will continue to cause AHT damage by virtue of its continuing infringement.

26. AHT is entitled to recover from DEFENDANT the damages sustained by AHT as a result of DEFENDANT's acts in an amount subject to proof at trial but in no event less than a reasonable royalty.

27. Upon information and belief, DEFENDANT's infringement of the '034 patent is and has been willful since at least May 22, 2014, if not earlier.

**PRAYER FOR RELIEF**

WHEREFORE, Adaptive Headlamp Technologies, Inc. respectfully prays for the Court to enter judgment as follows:

A. Judgment that DEFENDANT has directly infringed the '034 patent, contributorily infringed the '034 patent, induced infringement of the '034 patent, and/or willfully infringed the '034 patent;

B. Judgment and order requiring DEFENDANT to pay damages to Plaintiff under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

C. Judgment and order requiring DEFENDANT to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

D. Judgment and order requiring DEFENDANT to pay Plaintiff the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

E. Such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that these issues be determined by a jury.

DATED: September 4, 2015

/s/ David W. deBruin (#4846)
THE DEBRUIN FIRM LLC
405 N. King Street I Suite 440
Wilmington, DE 19801
(302) 660-2744
ddebruin@thedebruinfirm.com

*Attorneys for Plaintiff*

*Of Counsel:*
David A. Skeels (*pro hac vice forthcoming*)
Brett M. Pinkus (*pro hac vice forthcoming*)
FRIEDMAN SUDER & COOKE
604 East Fourth Street, Suite 200
Fort Worth, TX 76102
(817) 334-0400
skeels@fsclaw.com
pinkus@fsclaw.com